# Court of Appeals
# of the State of Georgia

ATLANTA, June 16, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0569. JOHNESE THOMAS ETIENNE v. DEKALB LEASED HOUSING ASSOCIATES I, LLLP D/B/A THE MERIDIAN.

DeKalb Leased Housing Associates I, LLLP d/b/a the Meridian filed a dispossessory action against Johnese Thomas Etienne in magistrate court. On May 7, 2026, the magistrate court entered a consent order and judgment in favor of the Meridian and awarded it past due rent of $3,104.60, court costs, and interest. The magistrate court indicated in its order that the Meridian could file for a writ of possession on May 20, 2026.[1] On June 1, 2026, Etienne filed this application for discretionary appeal. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023). "Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court." *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). Thus, this Court sometimes has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case

---

[1] There is no executed writ of possession included in the application materials.

to state or superior court.

Here, however, Etienne's application is untimely because it was filed more than seven days after the entry of the magistrate court's consent order and judgment. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Accordingly, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __06/16/2026_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*